IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–00357–LTB–KMT

JENNIFER CARRASCO, a Colorado resident,

    Plaintiff,

v.

CENTURA HEALTH CORPORATION, a Colorado corporation, and
CATHOLIC HEALTH INITIATIVES COLORADO, a Colorado corporation, d/b/a
CATHOLIC HEALTH INITIATIVES MOUNTAIN REGION, d/b/a ST. MARY-CORWIN
MEDICAL CENTER,

    Defendants.

## ORDER

This matter is before the court on "Defendants' Motion for Enlargement of Time for Defendants' Rebuttal Expert Deposition and Motion to Modify Scheduling Order" [Doc. No. 75] ("Mot.").

On September 28, 2020, Defendants filed a Partially Unopposed Motion for Extension of Time to Disclose Defendant's Rebuttal Expert Report [Doc. No. 54], which was granted by the court the following day. [Doc. No. 56.] Plaintiff obviously needed some time to depose any rebuttal expert and requested until November 30, 2020 to do so. [Doc. No. 58, filed October 13, 2020.] That request was granted on October 15, 2020. [Doc. No. 60.]

In spite of being allowed an additional thirty days to make their rebuttal expert disclosures and knowing full well that Plaintiff desired to take the deposition of the expert and

that the deadline for deposing the newly disclosed expert was fast approaching, Defendants disclosed rebuttal expert Aubrey A. Corwin on November 13, 2020 without providing any suggested dates between then and November 30, 2020 for the deposition to be taken.  (Mot. at ¶ 6.)  When Plaintiff's counsel tried to schedule the deposition within the short window of time, Defendants not only refused to make the expert available but also objected to scheduling the deposition a few days after the deadline claiming lack of notice.  (Mot., Ex. A.)  This court finds that position to be unsupported and unreasonable given that the extension that caused the difficulties in scheduling the deposition was caused by and at the request of Defendants.  *See Contour PAK, Inc. v. Expedice, Inc.*, No. 08-CV-01091-PAB-KMT, 2009 WL 2490138, at *4 (D. Colo. Aug. 14, 2009) ("The parties cannot, on the one hand, choose to ignore the deadlines set forth in the court's orders and then, on the other hand, use those deadlines to advance an argument that they could not have conducted additional discovery.").

On December 1, 2020, after learning of Defendants' unreasonable stance, Plaintiff filed a motion to extend the time to take the deposition of Ms. Corwin for another thirty days.  The court granted that motion within one day [Doc. No. 73] and set the deadline to take Ms. Corwin's deposition no later than December 31, 2020.  The deadline set by the court applied to both parties, not just to Plaintiff.  In other words, the obligation to make the deponent available within the established deadline <u>falls just as strongly on Defendants</u> as it does on Plaintiff, given Plaintiff's expressed desire to conduct the deposition.

Plaintiff immediately began trying to schedule Ms. Corwin's deposition.  (Mot., Ex. B.) Once again, however, in spite of the court's Order, Defendants refused to make their expert

available for deposition in spite of having the whole month within which to do so. Defendants instead offered dates January 21, February 2, and February 4, 2021. [Doc. No. 75-2 at 2.]

Again, the court finds this obstreperous behavior to be wholly unreasonable. To add the proverbial "cherry on top," Defendants informed Plaintiff on December 4, 2020, that the January deposition dates would only be held for one week from the December 4, 2020 email. (*Id.*) This court has no doubt that when Plaintiff attempts to schedule Ms. Corwin's deposition again, Defendants will once again claim a lack of notice and unavailability of Ms. Corwin in spite of the fact they caused the delay in the first place and knew, as of December 4, 2020, that in order to accept any of the offered deposition dates Plaintiff would need to obtain another court sanctioned extension.

There is not a motion to strike the expert witness before the court; instead what has been referred by Senior District Judge Babcock to this court for disposition is Defendant's motion for extension of time to make its expert available for deposition. The failure of the Defendant to make its chosen expert available for deposition in direct defiance of at least two court orders, however, now may threaten both the District Court's trial dates and the pretrial conference. At this stage, expediency counsels this court to grant the motion in part, allow the plaintiff to finally take the deposition of the expert and move forward, while protecting from further delays caused by the defendants.

Nevertheless, this court advises the parties that should rebuttal expert Aubrey A. Corwin not be made available within the time periods established by this Order, the court may recommend to the District Court that Ms. Corwin be stricken as an expert in this case and that she not be allowed to provide testimony at any hearing or trial.

It is **ORDERED**

"Defendants' Motion for Enlargement of Time for Defendants' Rebuttal Expert Deposition and Motion to Modify Scheduling Order" [Doc. No. 75] is **GRANTED in part and DENIED in part** as follows:

1. The deposition of rebuttal expert Aubrey A. Corwin **shall be taken on or before January 22, 2021**. Both parties are equally responsible for making sure the deposition is mutually scheduled, noticed, arranged for, and conducted within this deadline.

2. The deposition will be limited to no more than four (4) hours of testimonial time.

3. The dispositive motion deadline is extended to **February 1, 2021.**

4. The Final Pretrial Conference scheduled for January 11, 2021 at 9:30 a.m. is VACATED.

5. A Telephonic Final Pretrial Conference is set for **March 15, 2021 at 10:00 a.m**. before Magistrate Judge Kathleen M. Tafoya. The parties shall initiate a conference call and contact chambers at 719-575-0328 at the scheduled time. The court expects parties to utilize land line telephones rather than cellular devices whenever possible. If a party must utilize a cellular telephone, the caller must be in an indoor stationary position. A proposed Final Pretrial Order shall be prepared by the parties and filed with the court no later than **March 8, 2021**.

Dated December 29, 2020.

BY THE COURT:

_Kathleen M. Tafoya_
Kathleen M. Tafoya
United States Magistrate Judge